UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER NGUYEN,<br><br>                                Plaintiff,<br><br>v.<br><br>TULARE COUNTY SUPERIOR COURT JUDGE,<br><br>                              Defendants. | Case No.: 22-cv-1504-CAB-AGS<br><br>**ORDER DISMISSING CASE AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>[Doc. No. 2] |

On October 3, 2022, Plaintiff Peter Nguyen filed a complaint that purports to state a claim for "violation of 42 U.S.C. § 1983," but in reality appears to be little more than a misguided appeal of a Tulare County Superior Court's decision finding him guilty of a vehicular speeding violation. Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.]

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served"). Congress enacted this safeguard because "a litigant whose

filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Here, Plaintiff brings suit for monetary damages against an unnamed judge of the Superior Court of Tulare County. [Doc. No. 1.]  However, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Moreover, because a judgment in his favor would necessarily imply the invalidity of his conviction for speeding, *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), bars Plaintiff from bringing his § 1983 claim until his conviction is overturned.  *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998) (per curiam).  Finally, Plaintiff lives in Garden Grove, California, while Defendant is in Tulare County, California, and the events alleged in the complaint did not occur in this district, so even if Plaintiff could somehow overcome the other hurdles to state a claim that is properly in federal court, venue is not properly in this district.

In light of the foregoing, it is hereby **ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and the application to proceed in forma pauperis is **DENIED AS MOOT**.  The Clerk of Court shall **CLOSE** this case.  No further filings will be accepted.

It is **SO ORDERED**.

Dated:  October 5, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge